PER CURIAM:
Claimant, Cathy A. Ciesielski, seeks an award from the Board of Trustees of the University of West Virginia for property damage sustained by wet paint in a residence hall on January 27, 1992, at Boreman Hall, West Virginia University, a facility of the respondent int the city of Morgantown.
From the evidence adduced at the hearing on October 14, 1992, it appears that the claimant left her dormitory to attend class and, that upon returning, her jacket was ruined when wet paint in the residence hall got on the jacket. The damaged property is worth $225.00.
The claimant testified that she left for her 8:30 a.m. class and when she came back from class, she did not realize that the door frame had been painted while she was in class and she got blue paint on the leather and suede parts of her jacket. She reported the incident to the hall staff and they put a solution on the leather portion of the jacket and removed the paint, however, this solution could not be applied to the suede portion of the jacket. She testified that she did not notice any “wet paint’ signs on the way into her room because there were none posted by the door that she came into to get to her room. However, there were “wet paint” signs posted by the bathroom door and by the office.
*200 For the claimant, Marianne Adezio, roommate of the claimant, testified that anybody coming in on the girls’ side of the dormitory would not have known about the paint because there were no signs posted by the door, only by the bathroom and the lounge area.
For the respondent, Sonja Atkinson, area manager for Boreman Hall, testified that it was possible that the claimant could have come into the dorm and not seen a sign indicating the “wet paint”. She also testified that there had been painting ongoing in the building for at least a week.
The Court finds, as a matter of fact, that the claimant was put on notice of the possibility of painting being done on her floor due to the fact that there had been painting going on for at least one week in the building; that the claimant was negligent in failing to observe the painted area; and that the respondent was negligent in not posting “wet paint” signs where the claimant could see them. The Court is of the opinion that claimant was 30% negligent for the paint damage to her jacket under doctrine of comparative negligence.
In accordance with the findings of fact and conclusions of law as stated herein above, the Court makes an award to the claimant of $157.50.
Award of $157.50.